IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAZORBACK OIL INTERESTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-18-D |
| | ) | |
| K-TEX OIL AND GAS EXPLORATION | ) | |
| and VINCENT MANCUSO, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

The Court has reviewed the Complaint and has found insufficient allegations to
establish the existence of federal subject matter jurisdiction based on diversity of citizenship
under 28 U.S.C. § 1332 as asserted by Plaintiff.[1]  Specifically, Plaintiff's pleading fails to
allege facts regarding its citizenship as a limited liability company and the citizenship of a
defendant that is alleged to be a partnership.

The citizenship of a partnership is the citizenship of all partners.  *See Carden v.
Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).  A limited liability company is not treated like
a corporation under 28 U.S.C. § 1332(c)(1), but like a partnership or other unincorporated
association under *Carden*.  *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d
1233, 1237-38 (10th Cir. 2015).  Thus, its citizenship for purposes of diversity jurisdiction

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists"
and may raise the issue *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d
1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an
independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a
challenge from any party").

is the citizenship of all members. *Id.* The Complaint contains no allegations concerning the citizenship of Plaintiff's members or partners of Defendant K-Tex Oil and Gas Exploration. Thus, the Complaint states no factual basis for the assertion that complete diversity of citizenship exists.[2]

IT IS THEREFORE ORDERED that Plaintiff shall file an amended pleading to allege the existence of diversity jurisdiction not later than January 27, 2016.

IT IS SO ORDERED this 13th day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Complaint also asserts that jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. However, the Act is not a jurisdictional statute; an independent basis of subject matter jurisdiction must exist. *See Skelly Oil Co. V. Phillips Petrol. Co.*, 339 U.S. 667, 671-72 (1950); *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006).