## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA
### OKLAHOMA CITY, OKLAHOMA

| | | |
|---|---|---|
| **RAZORBACK OIL INTERESTS, LLC** | § | **NO. CIV-16-18-D** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HON. T.D. DeGiusti** |
| **K-TEX OIL AND GAS** | § | |
| **EXPLORATION** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
### AND MOTION FOR EXTENSION TO SERVE DEFENDANT

COMES NOW, your Plaintiff, Razorback Oil Interest, LLC, in opposition to dismissal of the present cause for lack of service of process upon the Defendant, and in Response to the Order to Show Cause of this Court, respectfully shows unto this honorable Court the following:

I.      Posture of the Case and Order to Show Cause

The present cause was filed on 12 January 2016 as a diversity jurisdiction breach of contract case. An amended Complaint was filed two weeks later.

Because learned counsel for the Defendant was previously identified, Plaintiff's counsel began discussions with Defendant's learned counsel, Guy Clark., Esq., about accepting service of process and avoiding formal service.[1] These amicable discussions segued into discussions on resolving the parties' dispute in its entirety, without the need for discovery. During these discussions, Plaintiff did not want to serve process upon the Defendant out of concern that

_____

[1] Mr. Clark is with the firm of Northcutt Clark Gardner Hron, in Ponca City, Oklahoma.

service would be seen, albeit incorrectly, as a decision to litigate rather than to continue to resolve this dispute via negotiation and discussion.

These settlement discussions, moreover, were not a one-time thing. On the contrary, they have been extensive, ongoing, and fruitful. They also included the use of informal mediation.

On 22 April 2016, this honorable Court, *sua sponte*, ordered the Plaintiff to show cause why this case should not be dismissed in light of the failure to serve the Defendant.

II.    Progress and Status of the Parties' Settlement Discussions

The parties have been negotiating an amicable resolution of this matter, strenuously and in good faith, including through the use of informal mediation.[2] These efforts have been largely successful, in that the Plaintiff, Defendant (as well as other potential additional parties) reached a settlement in principal.

However, unlike in many mediated settlements, the settlement in principal reached here was complex, and did not lend itself to an agreement that could be drafted and signed the same day that the parties could sign.

The Defendant, participating in this settlement process in good faith and equally desirous of an early resolution of this litigation, tendered the funds the parties agreed that it will pay to the Plaintiff, which the Plaintiff may access once final agreement language is achieved.

Thus, current and ongoing, are demonstrably fruitful, good faith, settlement talks, which appear to be heading towards not only a resolution of these two parties' disagreement, but also a broad agreement that could avoid this Court seeing additional parties through joinder.

Of course, the expected and normal drawback of a settlement involving multiple conditions and actions, and multiple parties, is that the language drafting process is a lengthy

---

[2] Lee I. Levinson, an experienced and knowledgeable environmental law mediator, is serving as the parties' mediator.

one, and the negotiations themselves difficult and often tedious.  But, with many moving parts, all of the affected parties are making progress towards a final resolution, without the need for lengthy litigation between these parties, and multiple others involved in the development of these oil fields.

At the same time, complicated settlement discussions, even those with an agreement in principal reached, are fragile, and, if one or more of the parties sees an escape hatch from this honorable Court dismissing the case, the settlement under construction could still collapse.  The current negotiations need the urgency created by this pending litigation.  If there is a dismissal followed by a re-filing, then the Court bears the burden of the parties' dispute, a result at odds with the policy of encouraging compromise and settlement.

On the other hand, permitting three more months for this process, and this progress, to continue further multiple goals of encouraging settlement of disputes, productive use of mineral rights, and attentive litigants.

III.    This is Not a Case of a Plaintiff Being Neglectful or Slothful

Your Plaintiff is not a party who filed a case and then proceeded to forget about it.  Your Plaintiff is also not a party who is not prosecuting its case and continuing its claim for breach of contract damages.  On the contrary, your Plaintiff and its counsel traveled to Oklahoma, the parties and their counsel spent a day with their mediator, and there have been countless telephone calls and electronic communications as multiple parties attempt to resolve multiple issues.

The Plaintiff, however, like countless Plaintiffs previously, fears that two actions could derail the ongoing settlement discussions.  First, while it would be easy enough for the Plaintiff to serve the current suit upon the Defendant served within a week, it knows that the sensitivities of the Defendant are such that service will be seen as 'throwing down the gauntlet' and a

3

conscious decision to forgo the settlement/negotiation path to resolve this dispute through aggressive litigation. Plaintiff intends and wishes no such thing, and wishes not to appear that it does.

At the same time, Plaintiff also knows that its principal leverage in these settlement discussions is the filed breach of contract claim in this Court. Settlement discussions with the Defendant did not begin until the present cause was filed with this honorable Court, and Plaintiff believes that settlement discussions will cease if this case is dismissed.

Should this case be dismissed therefore, Plaintiff would be presented with the unenviable and unnecessary decision to forgo its claim (extremely unlikely), or bear the expense of re-filing the precisely same Complaint in the precisely same Court.

IV.    The Plaintiff has Good Cause for the Lack of Service Under Rule 4

Rule 4(m) of the Federal Rules of Civil Procedure provides a mandatory exception to the rule that cases must be dismissed if the Defendant is not served within ninety days. *See* Fed.R.Civ.P., Rule 4(m) ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period").

The cases that find that there is not 'good cause' usually conclude that the Plaintiff has been lethargic and had done nothing beyond filings its Complaint. *See, e.g., Petrucelli v. Bohringer and Ratzinger*, 546 F.3d 1298, 1306-1307 (3d Cir. 1995) (no effort to serve defendant and no reason given for lack of effort); *Mused v. U.S. Dept. of Agriculture Food and Nutrition Service*, 169 F.R.D. 28, 32 (W.D.N.Y. 1996) ("plaintiff's counsel fails to offer any reasonable explanation or justification for not further prosecuting the action"); *T&S Rentals v. United States*, 164 F.R.D. 422, 426 (N.D.W.Va. 1996) (plaintiff filed suit against the United States and then "offered no explanation for their failure" to serve defendant).

4

The present cause not only has Plaintiff and its counsel presenting this honorable Court with a candid explanation of why service has not been effected, the reason before the parties, and before this Court, is benign, and consistent with the federal policy favoring 'out of court' settlements of litigation. *See Pierce v. Atchison, Topeka and Santa Fe Ry. Co.*, 565 F.3d 562, 572 (7th Cir. 1995) (there is a strong federal policy of "encouragement of voluntary settlement of claims"); *Interdynamics, Inc. v. Firma Wolf*, 653 F.2d 93, 98 (3d Cir. 1981) (referring to the "deeply distilled policy of settlement of legitimate disputes").

It is not surprising, therefore, that numerous courts have found ongoing settlement negotiations to satisfy Rule 4(m)'s 'good cause' requirement. *See Robinson v. Fountain Head Title Group Corp.*, 447 F.Supp.2d 478, 485 (D. Md. 2006) (parties involved in settlement negotiations found to be good cause for not serving defendant); *Bank of Cape Verde v. Bronson*, 167 F.R.D. 370 (S.D.N.Y. 1996) ("Settlement negotiations can, in the proper circumstances, satisfy Rule 4(m)' s 'good cause' requirement"); *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274-275 (M.D. Fla. 1995) (settlement negotiation found to be good cause for failure to serve lawsuit); *Assad v. Liberty Chevrolet*, 124 F.R.D. 31, 31 (D.R.I. 1989) ("plaintiffs' good faith settlement negotiations with co-defendant Liberty Chevrolet constituted good cause under Rule 4(j) thereby excusing the delay of service of process").

V.     Motion to Extend Time

Should this honorable Court hold that the Plaintiff has not presented good cause for the lack of service upon the Defendant, dismissal of the case is not necessary. Rather, the Court may still consider whether a permissive extension of time may be warranted. *See* Fed.R.Civ.P., Rule 4(m). Your Plaintiff respectfully requests that it be permitted ninety (additional) days to achieve

service, or, better yet, a settlement that fully and finally resolves the current dispute before the Court and all other disputes arising from this mineral development project.

The Court maintains the discretion to extend the time by which the Plaintiff may serve the Defendant, such as by fixing a deadline for such service to be effected. *See Mendez v. Elliott*, 45 F.3d 75, 79 (4th Cir. 1995) ("Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service"); *see also Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted").

Here, discretion and an extension are warranted because the Defendant has notice of the lawsuit, and the existence of the current litigation is motivating the parties to conduct settlement discussions in earnest. *See PNCEF, LLC v. Hendricks Building Supply*, LLC, 2010 WL 185629, at ¶3 (S.D. Ala. 2010) (whether defendant has notice of suit a factor in court's exercise of discretion to extend deadline for service); *Feingold v. Hankin*, 269 F.Supp.2d 268, 277 (S.D.N.Y. 2003) (same); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).

Here, also, there is no prejudice to this defendant by the lack of service. The Defendant has retained counsel, both the defendant and the counsel have carefully reviewed the lawsuit that was filed, and is actively engaged in trying to save the parties, and the Court, from further litigation via good faith settlement negotiations. *See Salas v. Dyer*, 2011 WL 1158570, at ¶3 (D. Ariz. 2011) (lack of prejudice to defendant in lack of service factor in discretion to extend deadline); *In re Lopez*, 292 B.R. 570, 576 (E.D. Mich. 2003) (same).

As there is no prejudice to the Defendant, and while both parties would learn together the wish of the honorable Court to have service in place while the settlement discussions continue,

6

and as there is little or nothing to be gained by a dismissal followed by a follow-on filing of precisely the same lawsuit, if this Court is inclined to find that there is not good cause for the lack of service upon the Defendant to date, this Court should exercise its sound discretion and set a reasonable deadline for service to take place before either party faces, or gets the (temporary) windfall of a dismissal.

Respectfully, should the current cause be dismissed without a setting of a service deadline, the Clerk's office would gain an additional filing fee, but absolutely nothing else of any consequence would be accomplished.

If your Plaintiff has erred in judgment in deciding to keep the settlement discussions progressing and friendly by not serving Defendant, this is simply not the type of malfeasance to warrant a dismissal, which courts have uniformly called a harsh remedy in response to a lack of service. *See Padilla v. Walgreen Hastings Co.*, 2009 WL 2951025, at ¶8 (D.N.M. 2009); *Ramos v. City of Philadelphia*, 2002 WL 32348790, at ¶3 (E.D. Pa. 2002); *see also McGhee v. De los Santos*, 2006 WL 3804694, at ¶1 (D. Guam 2006) ("To avoid the harsh results of Rule 4(m), … technical noncompliance … may be excused if … the party to be served personally received notice").

## PRAYER

Your Plaintiff, Razorback Oil Interests, respectfully prays that this honorable Court retain this cause on its docket notwithstanding the lack of service upon the Defendant, and find that the active settlement discussions, over the course of two months, provide good cause for the lack of service upon this Defendant under Rule 4(m).

In the alternative, your Plaintiff respectfully prays for additional time to achieve service, with an imposed deadline of ninety days from the date of next Order of this Court.

Your Plaintiff further prays for such other and general relief to which it might be entitled.

Respectfully submitted,

GIBBS ARMSTRONG BOROCHOFF
MULLICAN & HART, P.C.


By: /s/  Daniel Aizenman
Daniel Aizenman
Oklahoma Bar No. 30971
601 S. Boulder, Suite 500
Tulsa, Oklahoma 74119-1305
PH 918.587.3939
FX 918.582.5504
EM *daizenman@gabmh.com*
**Local Counsel**

Robert Teir
Texas Bar No. 00797940
Robert Teir, PLLC
*Application for admission pro hac vice*
*forthcoming and co-counsel on the pleadings*
845 FM 517 W, Suite 200
Dickinson, TX 77539-5205
EM *rob@teirlaw.com*
PH 832.365.1191
FX 832.550.2700
***Attorneys for Plaintiff***
***Razorback Oil Interests, LLC***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY, OKLAHOMA

| | | |
|---|---|---|
| **RAZORBACK OIL INTERESTS, LLC** | § | **NO. CIV-16-18-D** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HON. T.D. DeGiusti** |
| **K-TEX OIL AND GAS** | § | |
| **EXPLORATION** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**VERIFICATION**

I, Robert D. Clements, Jr., sworn, state to this honorable Court:

1. I am an attorney in Alvin, Texas. Along with Robert Teir, I serve as Texas counsel to
   Razorback Oil Interests, LLC. I have been active in the development of the present
   lawsuit, and have been lead counsel in settlement discussions with the Defendant and
   other parties.

2. I am familiar with the facts stated in the foregoing Response to Order to Show Cause,
   because of my involvement in the current settlement discussions and mediation. The
   facts about the settlement discussions stated in this Response are true.

Robert D. Clements, Jr.

Notary:

STATE OF TEXAS                         §
                                       §
COUNTY OF BRAZORIA                     §

On _April 30th, 2016_, Robert D. Clements, Jr. appeared before me.  Mr.
Clements is either known to me or produced suitable and persuasive government-issued
identification.  Mr. Clements stated to me that he is signing this Verification as a statement under
oath to this honorable Court, and signed his name as a testament to that oath.

Notary Public

Seal/Stamp:

SONYA PERES
My Commission Expires
April 9, 2019